trative action in failing to certify petitioner in the appropriate competitive class of the civil service. A trial *de novo* was properly held by the court to review the propriety of respondents' determination (CPLR 7804, subd [h]; see, generally, Siegel, New York Practice, § 569; 8 Weinstein-Korn-Miller, par 7803.10). On appeal we review the the record in a light most favorable to sustain the trial court's judgment and should "not disturb the findings of the court as the trier of the facts unless its conclusion could not be reached under any fair interpretation of the evidence" *(McCall v Town of Middlebury,* 52 AD2d 736). The trial court's findings that petitioner's status as a jail guard could not have continued after April 25, 1974, that respondents were under legal obligation to change petitioner's employment status to court deputy on or before April 25, 1974, and that his employment records should have reflected his appointment to the position of court deputy prior to June 6, 1974 fairly interpret the evidence. The court properly directed that petitioner be reinstated with permanent civil service status. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Dillon, P. J., Schnepp, Callahan, Witmer and Moule, JJ.

■ In the Matter of the Claim of JAMES F. TIERNEY, as Administrator of the Estate of MARION TIERNEY, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54621.) (Appeal No. 1.)—Judgment unanimously affirmed, with costs, on the opinion at the Court of Claims, Lowery, J. (Appeal from judgment of Court of Claims—wrongful death.) Present—Dillon, P. J., Schnepp, Callahan, Witmer and Moule, JJ.

■ In the Matter of the Claim of JAMES F. TIERNEY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54621.) (Appeal No. 2.)—Judgment unanimously affirmed on the opinion at the Court of Claims, Lowery, J. (Appeal from judgment of Court of Claims—personal injury.) Present—Dillon, P. J., Schnepp, Callahan, Witmer and Moule, JJ.

■ GERALD B. ZORNOW et al., as Shareholders of Delcrete Corporation and in the Right of Delcrete Corporation and on Behalf of All Other Shareholders of Said Corporation Similarly Situated, Respondents, v E. J. DEL MONTE et al., Appellants.—Orders unanimously affirmed, with costs, on the memoranda at Special Term, Boomer, J. (Appeals from order of Monroe Supreme Court—partial summary judgment.) Present—Dillon, P. J., Schnepp, Callahan, Witmer and Moule, JJ.

■ ESSIE C. GAJEWSKI, Respondent, v ALFRED J. GAJEWSKI, Appellant. —Order unanimously reversed, without costs, and matter remitted to Erie Supreme Court for further proceedings in accordance with the following memorandum: On this appeal defendant contends that sections 236 and 237 of the Domestic Relations Law should be declared unconstitutional, and that the order of February 22, 1979 providing for payment of alimony and counsel fees should be vacated. However, before considering the question presented by defendant, we have two preliminary questions to determine. The first is whether defendant's application was timely and the second is whether the application to vacate or reargue the February 22, 1979 order was properly passed on by a Judge other than one who granted it. Defendant's application, although denominated as a motion for an order "vacating, annulling, and/or resettling and/or rearguing" the order directing payment of temporary alimony and counsel fees, was a motion for reargument since no new or additional fact was presented *(Roberts v Connelly,* 35 AD2d 813; *Soloman v Westchester Funeral Home,* 265 App Div 867). An application such as defendant's cannot be made after the time for appeal has expired *(Matter of Huie [Furman],* 20 NY2d 568; *Deeves v Fabric Fire*